**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4840-17T4

JOSEPH DIRENZO,

     Plaintiff-Appellant,

v.

STEVEN KATCHEN,

     Defendant-Respondent,

and

ANTHONY GALATI, FIRST
INTERSTATE FINANCIAL CORP.,
AMERICA'S FIRST ABSTRACT, INC.,
RAYMOND BROOKS, PREMIER
MORTGAGE SERVICES, LLC, and
CARDINAL FINANCIAL COMPANY,

     Defendants.

_____

Submitted September 16, 2019 – Decided October 1, 2019

Before Judges Messano and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1990-10.

Patrice R. Ianetti, attorney for appellant.

Brian J. Levine, attorney for respondent.

PER CURIAM

This appeal is before us a third time. As we explained in our prior decision, plaintiff Joseph DiRenzo filed suit against defendants Steven Katchen, a licensed mortgage broker, and Raymond Brooks, a licensed title insurance producer, alleging violations of the Consumer Fraud Act (the CFA), N.J.S.A. 56:8-1 to -204, and other common law causes of action arising from an alleged fraudulent scheme to help plaintiff's nephew "stave off dire financial circumstances." DiRenzo v. Katchen, No. A-0329-14 (App. Div. Aug. 1, 2017) (slip op. at 2).[1] At a bench trial, following plaintiff's case, the judge granted defendants' motion for involuntary dismissal pursuant to Rule 4:37-2(b). Id. at 4. Plaintiff appealed.

Concluding the judge misapplied the indulgent standard applicable to defendants' motion under the rule, we affirmed in part and reversed in part the

---

[1] Although Rule 1:36-3 generally prohibits citing an unpublished opinion, we do so here to provide a full understanding of the issues presented and pursuant to the exception in the rule permitting citation "to the extent required by res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law[.]" See Badiali v. N.J. Mfrs. Ins. Grp., 429 N.J. Super. 121, 126 n.4 (App. Div. 2012), aff'd, 220 N.J. 544 (2015).

A-4840-17T4

trial court's orders.  Id. at 27.  We remanded the matter for further proceedings on plaintiff's claims of legal fraud, negligent misrepresentation and violation of the CFA against Katchen, and his claim of negligence against Brooks.  Ibid.

Another judge handled the matter following our remand, because, in the interim, the trial judge was assigned to our court.  Katchen moved to begin the trial "anew," arguing the judge would be unable to make credibility determinations based solely on transcripts from the original trial.  The judge agreed, and, over plaintiff's objections, entered an order granting Katchen's motion.

Plaintiff moved for leave to appeal, and we conducted oral argument on the motion before entering an order granting the appeal.[2]  Our December 19, 2017 order explicitly rejected plaintiff's argument that our prior opinion made factual findings that were "binding on the trial court" on remand.  We reiterated that our prior decision simply held the original trial judge misapplied the standard applicable to a motion for voluntary dismissal, which, citing specific language from our earlier decision, is as follows:

> If the court, "accepting as true all the evidence which supports the position of the party defending against the motion and according him the benefit of all inferences

---

[2]  We were advised during oral argument on the motion that plaintiff had settled his claim against Brooks.

A-4840-17T4

which can reasonably and legitimately be deduced therefrom," finds that "reasonable minds could differ," then "the motion must be denied."

[Id. at 5 (emphasis added) (quoting ADS Assocs. Grp., Inc. v. Oritani Sav. Bank, 219 N.J. 496, 510–11 (2014)).]

We summarily reversed the remand judge's order, stating:

The trial shall resume in the same posture as it was when the previous judge granted involuntary dismissal. In other words, plaintiff has rested his case on liability on the claims that remain on remand following our prior decision. In order to ultimately evaluate the nature and worth of plaintiff's evidence, the judge may review the transcripts of the trial or listen to the audiotape of the prior proceedings, as he or she chooses.

After which, defendant may present a defense. At the conclusion of all evidence, the judge shall render a verdict on liability.

We reiterate, none of the facts recited by this court in its prior opinion are binding on the trial court, which remains free to assess the credibility of all witnesses and engage in its own independent fact finding at the conclusion of the trial.

[(Footnote omitted).]

Approximately one month prior to the continued trial date, Katchen's counsel advised the judge that defendant intended to rest without calling any witnesses. Both parties filed written submissions in the nature of summations

4

or proposed findings of fact and conclusions of law. Plaintiff argued the court must find, as a matter of law, a violation of the CFA because "[t]hat statute specifically shifts the burden of both production and persuasion upon a defendant where — as here — a plaintiff has established a prima facie case." Plaintiff also contended he was entitled to an "adverse inference" from Katchen's decision not to produce any witnesses or evidence in his defense, and, as a result, "long-standing New Jersey law explicitly shifts the burden of production to a defendant in fraud cases where, as here, plaintiff has met his prima facie burden. Courts may do so in negligence cases as well."

In his oral decision on the record, the judge recounted the prior history of the case, indicated he reviewed all the trial transcripts, properly stated plaintiff's burdens of proof on the remaining counts of the complaint, and appropriately recognized his "role of fact finder to determine if plaintiff's proofs are believable, including making credibility findings an[d] determining whether the burdens have been met." The judge said he was able to make credibility determinations based on his review of thirteen days of trial transcripts.

Based upon detailed factual findings, the judge found plaintiff "knowingly participated in [the alleged fraudulent mortgage] transaction[,]" and his "credibility is lacking." Further, he found plaintiff's "record of past business

5

dealings" demonstrated he was not "a naïve party[,]" but rather "an individual who was fully aware of what he was doing[.]" Citing the elements of plaintiff's three remaining causes of action, the judge stated his legal conclusions as to each. He entered a judgment of no cause of action in favor of Katchen, and this appeal followed.

Before us, plaintiff limits his argument to the no cause verdict on his CFA claim. He contends the trial judge ignored the implications of the legal conclusion in our prior opinion, that he had established a prima facie case of consumer fraud. Plaintiff then argues that having established a prima facie case of a CFA violation, the burden shifted to defendant, and Katchen's failure to defend required judgment in plaintiff's favor. Finally, plaintiff urges us to remand the matter for a trial on damages to another vicinage.[3]

These arguments represent a fundamental misunderstanding of our prior decision, the applicable court rules, and binding precedent. They warrant

---

[3] Plaintiff does not argue that the judge's factual findings lack the support of credible evidence in the record. See, e.g., Estate of Ostlund v. Ostlund, 391 N.J. Super. 390, 400 (App. Div. 2007) (recognizing our "limited" review of factual findings made in a non-jury case, and noting they shall "not be disturbed unless . . . clearly [u]nsupportable as to result in their denial of justice") (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 483 (1974)). Nor does plaintiff contend the judge could not have made his credibility determinations based on the trial transcripts.

A-4840-17T4

limited discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We affirm and add the following brief comments.

We made clear in our prior opinion and order granting plaintiff's motion for leave to appeal that we premised our decision to reverse the trial court's involuntary dismissal of plaintiff's complaint on the indulgent standard the trial court, and this court, must apply to such a request.  See ADS Assocs., 219 N.J. at 511 (noting an appellate court applies the same standard as the trial court in granting or denying a Rule 4:37-2(b) motion).  The "motion shall be denied if the evidence, together with the legitimate inferences therefrom, could sustain a judgment in plaintiff's favor."  R. 4:37-2(b) (emphasis added).  A judge must not be "concerned with the worth, nature or extent (beyond a scintilla) of the evidence, but only with its existence, viewed most favorably to the party opposing the motion."  Dolson v. Anastasia, 55 N.J. 2, 5–6 (1969).

Simply put, we reject the assertion plaintiff repeatedly makes in his brief, i.e., that our prior opinion contained "the binding legal conclusion . . . that plaintiff established a prima facie case" of consumer fraud.  We concluded there was sufficient evidence to permit factual findings that "could sustain a judgment in plaintiff's favor [,]" and, therefore, it was improper to involuntarily dismiss the complaint; but, we never suggested the ultimate fact finder must find facts

sustaining a judgment in plaintiff's favor. (DiRenzo, slip op. at 5) (emphasis added). We fail to see why plaintiff does not comprehend the distinction.

In addition, plaintiff cites no authority for the proposition that the CFA incorporates some burden shifting analysis. Plaintiff asserts, without any support, that the "analogous burden-shifting context" that applies in cases involving the Law Against Discrimination, N.J.S.A. 10:5-1 to -49 (the LAD), should apply here.[4] We are unaware of any holding by any court in this State at any level that incorporates a burden-shifting analysis to CFA claims, and certainly none that incorporate by analogy our jurisprudence under the LAD.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] Under the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), ingrained in our LAD jurisprudence, once "the court decides, as a matter of law, whether or not a plaintiff has carried his or her burden of demonstrating the elements of the prima facie case . . . those elements are not part of the proofs at trial for reconsideration by the jury." Tartaglia v. UBS PaineWebber, Inc., 197 N.J. 81, 125 (2008) (citing Zive v. Stanley Roberts, Inc., 182 N.J. 436, 457 (2005); Mogull v. CB Commercial Real Estate Grp., Inc., 162 N.J. 449, 473 (2000)). To reiterate, we never found plaintiff had established as a matter of law a prima facie case of consumer fraud. We only said plaintiff established a prima facie case "applying the indulgent standards under Rule 4:37-2(b)[.]" DiRenzo, slip op. at 21.

A-4840-17T4